UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                                Case No.: 12-75072-ast
Lisa M. Martelloni,                                             Chapter 7

                              Debtor.
-----------------------------------------------------------------x
Gianfranco Martelloni, Carmella Martelloni and
Paul Martelloni,

                              Plaintiffs,                        Adv. Pro. No.: 12-8437-ast
              - against -

Lisa M. Martelloni,

                              Defendant.
-----------------------------------------------------------------x

## DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are cross motions for summary judgment filed by the plaintiffs,

Gianfranco Martelloni, Carmella Martelloni, and Paul Martelloni ("Gianfranco", "Carmella",

and "Paul", collectively, "Plaintiffs") and by the debtor-defendant Lisa M. Martelloni ("Lisa").

For the reasons stated herein, this Court grants in part and denies in part Lisa's motion and grants

in part and denies in part Plaintiffs' motion.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and

157(b)(2)(A), (I), and (J), and the Standing Orders of Reference in effect in the Eastern District of

New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc

pro tunc* as of June 23, 2011.

## Procedural History

On August 17, 2012, Lisa filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.[1]

On December 13, 2012, Plaintiffs commenced this adversary proceeding by filing a complaint against Lisa (the "Complaint").  [adv dkt item 1]  Gianfranco and Carmella are Lisa's former in-laws, and their son, Paul, is her ex-husband. The Complaint alleges three causes of action seeking the following relief: (1) declaring Lisa's liability on a pre-petition judgment to Gianfranco and Carmella non-dischargeable under § 523(a)(15); (2) denying Lisa a discharge under § 727(a)(4)(A) for failing to schedule and/or undervaluing her personal property and failing to disclose her receipt of proceeds from the sale of an investment property; and (3) denying Lisa a discharge under § 105(a).

On January 14, 2013, Lisa interposed an answer denying all of the essential allegations in the Complaint, asserting an affirmative defense that the Complaint fails to state a claim upon which relief can be granted, and a counterclaim to hold Plaintiffs liable for the costs of the proceeding under § 523(d). [adv dkt item 4]

On April 19, 2013, Lisa filed a Motion for Summary Judgment seeking dismissal of the Complaint in its entirety, and in the alternative, entry of an order compelling Carmella to appear for a deposition and Plaintiffs to produce their 2006 tax returns (the "Motion").  [adv dkt items 10, 11]

On May 17, 2013, Plaintiffs filed a counterstatement of material facts, a Cross Motion for Summary Judgment solely on Plaintiffs' first cause of action under § 523(a)(15), and a Motion

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

for a protective order with respect to Carmella (collectively, the "Cross Motion"). [adv dkt items 18, 19, 20]

On June 7, 2013, Lisa filed an Affirmation in Opposition to Plaintiffs' Cross-Motion for Summary Judgment. [adv dkt item 22]

### Undisputed Facts

The following material facts are uncontroverted:

1. On September 7, 1991, Paul and Lisa were married in Northport, New York.

2. Gianfranco and Carmella are Paul's parents. Neither Gianfranco nor Carmella is Lisa's spouse, former spouse or child.

3. During their marriage, Paul and Lisa lived at 10 Harrison Woods Court, Northport, New York (the "Marital Residence").

4. On October 28, 2006, Gianfranco and Carmella entered into a written loan agreement with Paul and Lisa for a sum certain not identified in the parties' papers (the "Loan Agreement").

5. Sometime in 2009, Paul commenced a divorce action (the "Divorce Action") against Lisa in the Suffolk County Supreme Court (the "Supreme Court").

6. In February of 2010, Paul and Lisa defaulted on the Loan Agreement.

7. Sometime thereafter, Gianfranco and Carmella commenced an action in the Supreme Court seeking judgment against Paul and Lisa due to their default on the Loan Agreement (the "Loan Action").

8. On April 27, 2010, the Supreme Court entered an order in the Divorce Action for *pendente lite* relief which required Paul to, *inter alia*, pay the mortgage on the Marital Residence.

3

9. Sometime in 2011, Chase Bank commenced foreclosure proceedings with respect to the Marital Residence.

10. On October 13, 2011, a judgment was entered in the Loan Action in favor of Gianfranco and Carmella holding Paul and Lisa jointly and severally liable for the principal sum of $97,264.10 plus interest (the "Judgment").

11. On January 2012, Lisa and Paul entered into a stipulation of settlement in the Divorce Action that provided for the division and distribution of Lisa's and Paul's marital property and apportioned the liability on their marital debts (the "Settlement Agreement").

12. Under the terms of the Settlement Agreement, Paul agreed to transfer his interest in the Marital Residence to Lisa, subject to existing mortgages, liens, and encumbrances.  The Settlement Agreement also provides that the Judgment "shall be satisfied by [Lisa]…and she shall indemnify and hold [Paul] harmless against any liability in connection with same."  The Settlement Agreement further states that Lisa's obligation to satisfy the Judgment will survive a discharge under the Bankruptcy Code.

13. On March 12, 2012, the Judgment was docketed with the Suffolk County Clerk's Office.

14. On June 7, 2012, the Supreme Court entered a judgment in the Divorce Action (the "Divorce Judgment").  The Divorce Judgment was docketed with the Suffolk County Clerk's Office on June 14, 2012.

15. The Divorce Judgment incorporates the terms of the Settlement Agreement by reference.

## Summary of Arguments

As to the § 523 claims, Lisa asserts that her former in-laws, Carmella and Gianfranco, lack standing to assert that any debt owed to them is non-dischargeable by virtue of § 523(a)(15),

since neither is her spouse, former spouse, or child.  However, Lisa has conceded that her

obligations to Paul under the Settlement Agreement, including her obligation to indemnify and

hold Paul harmless against any liability in connection with the Judgment, are non-dischargeable

under § 523(a)(15).  Plaintiffs contend that the Judgment is non-dischargeable under

§ 523(a)(15), because it arose out of a debt owed to a former spouse and the language of the

statute does not require that such debts must be directly payable to a spouse, former spouse, or

child.

As to the § 727(a)(4)(A) claim, Lisa denies having undervalued her personal property on

her schedules, and further contends that even if she had, those discrepancies alleged by Plaintiffs

would be immaterial and thus, as a matter of law, Plaintiffs cannot sustain a cause of action

under § 727(a)(4)(A).  In response, Plaintiffs allege that genuine issues of material fact exist as to

whether Lisa's valuation of her personal property was fraudulent.

Finally, as to the § 105 claims, Lisa argues that the Court cannot use its inherent authority

under § 105(a) to circumvent §§ 523(a)(15) and 727(a)(4)(A) to deny her a discharge.[2]  Plaintiffs

have not opposed Lisa's request for summary judgment on their § 105(a) claim.

## Discussion

*1. Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure ("Rules"), as incorporated by Rule

7056(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), provides that

---

[2] Lisa also argues that clause 13.6 of the Settlement Agreement contains an unenforceable *ipso facto* clause, since it provides that Lisa's obligation to satisfy the Judgment survives a bankruptcy discharge.  *See In re Lehman Bros. Holdings, Inc.*, 422 B.R. 407, 414-15 (Bankr. S.D.N.Y. 2010) (*Ipso facto* "clauses that would seek to modify the relationships of contracting parties due to the filing of a bankruptcy petition …. are, as a general matter, unenforceable.").  However, because neither side has sought summary judgment on clause 13.6, it is not ripe for judicial determination at this time.

summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FRCP 56(c)) (internal quotation marks omitted).  A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23.  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The Second Circuit has repeatedly noted that, "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ. of New York,* 894 F. Supp. 750, 757 (S.D.N.Y. 1995).  "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell*, 894 F. Supp. at 758 (citing *Binder v. Long Island Lighting Co*., 933 F.2d 187, 191 (2d Cir. 1991)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50.

*2. Carmella's and Gianfranco's Standing to Assert a § 523(a)(15) Claim*

Section "523(a)(15) creates an exception from discharge for any debt to a spouse, former spouse, or child of the debtor that is 'incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record' and which is in the nature of a [domestic support obligation or] DSO but does not fall with the definition of a DSO." *In re Rogowski*, 462 B.R. 435, 439-440 (Bankr. E.D.N.Y. 2011) (quoting 11 U.S.C. § 523(a)(15)). "To be excepted from discharge under § 523(a)(15), the debt must: (1) be to a spouse, former spouse, or child of the debtor; (2) not be the type described in section 523(a)(5), i.e. not a domestic support obligation[3]; and (3) have been incurred in the course of a divorce or separation in connection with a separation agreement, divorce decree, or other order of a court." *In re Conte*, 2012 Bankr. LEXIS 4695, at *22 (Bankr. E.D.N.Y. Oct. 3, 2012) (internal quotations omitted).

As a threshold matter, Gianfranco and Carmella have failed to demonstrate that the Judgment constitutes a "debt to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15). The parties agree that the Judgment creates an obligation owed by Lisa and Paul to Carmella and Gianfranco, and that neither Carmella nor Gianfranco are Lisa's spouse, former spouse, or child. Plaintiffs argue, nevertheless, that "joint marital debts that one spouse assumes responsibility [for] pursuant to the terms of a separation agreement or divorce decree are non-dischargeable pursuant to § 523(a)(15) notwithstanding who is entitled to receive the money owed." Cross Motion pp. 5-6.

___

[3] "Section 523(a)(5) creates an exception from discharge for any debt for a 'domestic support obligation [or DSO]'" which is defined in § 101(14)(A). *Rogowski*, 462 B.R. at 39. Plaintiffs have specifically alleged and Lisa admits that the Judgment does not constitute a non-dischargeable DSO under §§ 101(14)(A) and 523(a)(5). Thus, this Court's discussion is limited to analyzing whether Plaintiffs, and which Plaintiffs, hold a claim under § 523(a)(15).

7

This Court disagrees.  Plaintiffs seek to expand § 523(a)(15) beyond the scope provided by Congress or as recognized by case law in this circuit.  On its face, the statute addresses a debt owed to a spouse, former spouse, or child of the debtor.  As Lisa's Motion correctly highlights, while courts in this circuit have expanded the named payee of the debt to include a non-debtor spouses' matrimonial attorney who is awarded legal fees incurred in connection with a divorce or separation[4], Plaintiffs have failed to point to any legal authority for the proposition that a debt owed to a third party creditor, even an in-law, can create standing under § 523(a)(15).

The Bankruptcy Courts for the Eastern District of California and the District of Connecticut have addressed the question before this Court – whether a debtor's former in-laws have standing to assert a claim under § 523(a)(15) – and both said no .  *See In re Putnam*, 2011 Bankr. LEXIS 5586, at *6 (Bankr. E.D. Cal. Feb. 9, 2011) (*Putnam I) discussed in In re Putnam*, 2012 Bankr. LEXIS 6117, at *10-11 (Bankr. E.D. Cal. Feb. 9, 2012) (*Putnam II*); *see generally In re Rogers*, 2010 Bankr. LEXIS 1251, at *25 (Bankr. D. Conn. April 19, 2010).  Both *Putnam* decisions involved $15,000 that the debtor's father-in-law lent to the debtor and his spouse during their marriage.  *See Putnam I*, at *4.  The parties subsequently obtained a judgment of divorce from a California state court; the divorce judgment incorporated into its terms a marital

---

[4] *See, e.g., In re Prensky,* 2010 U.S. Dist. LEXIS 66181, at *12-22 (D.N.J. June 30, 2010) (affirming bankruptcy court's determination that the matrimonial attorneys had standing to contest the dischargeability of their legal fees under § 523(a)(15), since the those fees were a debt owed to the former spouse of the debtor, but directly payable to the former spouse's attorneys by virtue of the debtor's violation of a *pendent lite* order under N.Y. Domestic Relations Law § 237) *aff'g* 416 B.R. 406 (Bankr. D.N.J. 2009); *In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010) (holding in part that legal fees owed by the debtor, payable to plaintiff former-spouse's attorneys, were for the former spouse's benefit and thus satisfied § 523(a)(15)'s threshold standing requirement); *In re Golio*, 393 B.R. 56, 62-63 (Bankr. E.D.N.Y. 2008) (debtor's obligation to satisfy a judgment for matrimonial legal fees payable to former spouse's attorneys and other non-support obligations payable to former spouse declared non-dischargeable under § 523(a)(15), noting that N.Y. Domestic Relations Law § 237(c) requires that the attorney's fees had to be payable directly to the attorney and could not be ordered paid to the non-attorney client); *see also In re Spong*, 661 F.2d 6, 9-10 (2d Cir. 1981) (extending pre-Bankruptcy Abuse Prevention and Consumer Protection Act "BAPCPA" § 523(a)(5) to include attorney's fees the debtor was required  to pay directly to his former spouse's matrimonial attorney, noting that an "award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law,", and to not so extend § 523(a)(5) "would be exalting form over substance"); *Rogowski* 462 B.R. at 444-447 (applying *Spong* to post-BAPCPA § 523(a)(5)).

settlement agreement under which, *inter alia*, the debtor agreed to hold his former spouse harmless for the $15,000 loan and to be solely responsible for that obligation to his former father-in-law. *Putnam II* at *3-4, 10. The debtor subsequently filed a chapter 7 petition, and the former father-in-law filed an adversary proceeding seeking to declare the $15,000 loan non-dischargeable under § 523(a)(15). *Putnam I*, at *2, 4. The bankruptcy court determined that the former father-in-law lacked standing under § 523(a)(15) as the outstanding loan obligation was not a debt owed to a "spouse, former spouse, or child of the debtor" *See id*. at *6.

In *Rogers*, the debtor's former in-laws lent the debtor and her former spouse $100,000. *Id.* at *4. In connection with their divorce proceeding, the debtor and her former spouse executed an agreement whereby they agreed to be equally liable on the loan and to make separate monthly payments directly to the debtor's in-laws. *Id.* at *4, 8. After receiving her discharge, the debtor commenced an adversary proceeding seeking a declaration that her obligations under the settlement agreement were discharged as to her former spouse and her mother-in-law. *Id.* at *1-2. The debtor's mother-in-law sought a determination that the debt was non-dischargeable under § 523(a)(15). *Id.* at *3. While the discussion centered on the nature of a hold harmless agreement under non-bankruptcy law, the bankruptcy court stated that the mother-in-law lacked standing to assert a § 523(a)(15) claim and dismissed her claim. *See id*. at *25.

Here, as in *Putnam* and in *Rogers*, the former in-laws, Carmella and Gianfranco, lack standing to assert their § 523(a)(15) claim. Because the Judgment is a debt owed to Carmella and Gianfranco, who are not Lisa's spouse, former spouse, child, this Court finds and concludes that Gianfranco and Carmella lack standing to assert that the Judgment is nondischargeable under § 523(a)(15). Accordingly, Lisa is entitled to judgment in her favor as a matter of law dismissing Gianfranco and Carmella's § 523(a)(15) claim against her.

*3. Dischargeability of Lisa's Obligations to Paul under the Settlement Agreement*

It is unclear whether the Complaint sufficiently alleges that any debt owed by Lisa to Paul arising out of the Settlement Agreement is non-dischargeable as to Paul under § 523(a)(15). In their Cross Motion, Plaintiffs assert that Lisa's "obligation to satisfy the Judgment is non-dischargeable due to the inclusion of the hold harmless provision in the [Settlement] Agreement". Cross Motion p. 12. However, Lisa concedes that any debt she owes to Paul under the Settlement Agreement constitutes a non-dischargeable debt pursuant to § 523(a)(15); this necessarily includes Lisa's obligation to hold Paul harmless for his liability under the Judgment[5]. Therefore, this Court will construe this portion of the Cross Motion as an amended Complaint. *See* FED. R. CIV. P. 15*; In re Ippolito*, 2013 Bankr. LEXIS 866, at *25-26 (Bankr. E.D.N.Y. Mar. 6, 2013) ("Rule 15, as incorporated by Bankruptcy Rule 7015, governs motions to amend pleadings and provides that, 'the court should freely give leave [to amend] when justice so requires.'"). Thus, Paul is entitled to a judgment as a matter of law on his § 523(a)(15) claim that Lisa's obligation to hold him harmless for his liability under the Judgment is non-dischargeable.

---

[5] This Court does not need to reach the issue of whether a debtor's obligation to hold an ex-spouse harmless for debts payable to third parties may qualify as a debt to a former spouse under § 523(a)(15), as Lisa has conceded that she is liable to Paul on all obligations created by the Settlement Agreement. *See, e.g., In re Saulsbury,* 2012 Bankr. LEXIS 5251, at *4-7 (Bankr. N.D.N.Y. Nov. 7, 2012) (granting summary judgment in favor of former spouse on her § 523(a)(15) claim arising out of a prenuptial agreement for a debt owed to her by the debtor but payable to her corporation); *In re Barbuito*, 2012 Bankr. LEXIS 3606, at *13-16 (Bankr. D. Conn. Aug. 6, 2012) (holding that the debtor's obligation to hold her plaintiff-former spouse harmless for various debts owed to third parties under a settlement agreement was non-dischargeable); *In re Harn*, 2008 Bankr. LEXIS 100, at *8-9 (Bankr. C.D. Ill. Jan. 10, 2008) (debtor's obligation to hold former spouse harmless for debts payable to third parties as provided for in divorce stipulation declared nondischargeable under § 523(a)(15)); *In re Schweitzer*, 370 B.R. 145 (Bankr. S.D. Ohio 2007) (debtor's hold harmless obligations to her former husband for credit card charges created non-dischargeable obligations under § 523(a)(15)).

*4. Denial of Lisa's Discharge under § 727(a)(4)(A)*

"[T]he denial of a debtor's discharge is a drastic remedy that must be construed strictly in favor of the debtor." *In re Parikh*, 456 B.R. 1, 28 (Bankr. E.D.N.Y. 2011) (citing *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996)).  Section 727(a)(4)(A) of the Bankruptcy Code provides that a debtor should not be granted a discharge if she "knowingly and fraudulently, in connection with a case…made a false oath or account."  11 U.S.C. § 727(a)(4)(A).  In determining whether a debtor should be denied a discharge under § 727(a)(4)(A), courts look to see whether the following five factors have been established: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.  *In re DeRise*, 394 B.R. 677, 690 (Bankr. E.D.N.Y. 2008).

"A false statement or omission in the debtor's petition, schedules, or statements, satisfies the requirement of a false oath." *In re Pongvitayapanu*, 487 B.R. 130, 139 (Bankr. E.D.N.Y. 2013); *see DeRise*, 394 B.R. at 690.  In order to demonstrate that Lisa made a false statement with fraudulent intent, Plaintiffs must prove actual, not constructive fraud.  *DeRise*, 394 B.R. at 690.  Moreover, any statement "bearing a relationship to [a d]ebtor's business transactions or estate or which would lead to the discovery of assets, business dealings or existence or disposition of property" is materially related to the bankruptcy case.  *Id.* (quoting cases).  Significantly, a debtor's disclosure requirements extend to divulging "even worthless assets and unprofitable business transactions, as it is not for the debtor to determine whether the asset is relevant or important to disclose."  *In re Nazzaro*, 2013 WL 145627, at *8 (Bankr. E.D.N.Y. Jan. 14, 2013).

After due consideration of the pleadings and exhibits filed in this adversary proceeding, the Court has determined that genuine issues of material fact exist as to Plaintiff's claim for relief under § 727(a)(4)(A).  These material issues of fact relate to whether Lisa made a false statement, whether she knew that the statement was false, whether she made that statement with fraudulent intent, and whether that statement materially related to the bankruptcy case.  Therefore, Lisa is not entitled to judgment as a matter of law dismissing the § 727(a)(4)(A) claim against her.

*5. Denial of Lisa's Discharge under § 105(a)*

"Section 105(a) of the Bankruptcy Code gives the court equitable power to 'issue any order, process, or judgment that is necessary to carry out the provisions of this title'" *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91-92 (2d Cir. 2003) (quoting 11 U.S.C. § 105(a)).  While courts have disputed § 105(a)'s proper scope[6], most courts, including the Second Circuit, agree that "§ 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing." *Id*. at 92 (emphasis in original); *see In re Smart World Techs, LLC*, 423 F.3d 166, 183-184 (2d Cir. 2005) ("Section 105(a)'s equitable scope is plainly limited by the provisions of the Code").  Moreover, section 105(a) does not in and of itself create a private right of action, or an independent or stand-alone basis for granting relief. *In re Kalikow*, 602 F.3d 82, 97 (2d Cir. 2010); *Smart World*, 423 F.3d at 184.  However "a court may invoke § 105(a) if the equitable remedy [sought] is demonstrably necessary to preserve a right elsewhere provided in

---

[6] *See In re Law*, 435 Fed. App'x 697 (9th Cir. 2011) *aff'g* 2009 Bankr. LEXIS 4542 (B.A.P. 9th Cir. Oct. 22, 2009) *cert. granted* 2013 U.S. LEXIS 4644 (U.S., June 17, 2013).

the Code". *Kalikow*, 602 F.3d at 97 (quoting *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000).

The Complaint asks the Court to utilize its equitable powers under § 105(a) to deny Lisa her discharge on an independent or stand-alone basis. Plaintiffs did not oppose Lisa's request for summary judgment on their § 105(a) claim. This Court will not exercise its equitable powers under § 105(a) as requested by Plaintiffs. Therefore Lisa is entitled to summary judgment denying Plaintiffs' § 105(a) claim.

*6. Compelling the Production of Tax Returns and the Deposition of Carmella*

Lisa seeks an order compelling Plaintiffs to appear for depositions under Bankruptcy Rule 7030 and to produce their 2006 federal and state income tax returns. Plaintiffs oppose producing Carmella for a deposition and seek to shield her from discovery due to her poor health pursuant to Rule 26(c)(1) as incorporated by Bankruptcy Rule 7026. In the alternative, Plaintiffs request that the Court permit Carmella's deposition to be conducted by written questions rather than by oral examination. Plaintiffs further argue that their 2006 tax returns are irrelevant to this proceeding. As a preliminary matter, Plaintiffs have not objected to producing either Paul or Gianfranco for a deposition. Accordingly, Paul and Gianfranco will each be directed to appear for a deposition, as set forth below.

Rule 26 authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Courts construe relevance under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Courts may however limit the disclosure of personal income tax returns where appropriate; while they "provide a reliable source of financial

13

information, they [also] reveal highly sensitive information…which may not be relevant to the litigation." *Morales Elec. Contracting, Inc. v. Siemens Bldg. Technologies, Inc.*, 2012 WL 3779410, at *4 (E.D.N.Y. Aug. 30, 2012) (quoting *Malinowski v. Wall Street Source, Inc.*, 2011 WL 1226283, at *3 (S.D.N.Y. Mar. 18, 2011)).  Therefore, a party seeking to compel the disclosure of tax returns is required to show that, "1) the returns are relevant to the subject matter of the action and 2) a compelling need for the information." *Id.* (quoting *Ellis v. City of New York*, 243 F.R.D. 109, 111 (S.D.N.Y. 2007)).

Rule 26 further provides that the "court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression or undue burden" in denying or modifying a request for discovery.  FED. R. CIV. P. 26(c).  Accordingly, "[r]ule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *In re Zyprexa Prods. Liab. Litig.*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  The party seeking protection carries the burden of demonstrating good cause.  *Id.*  Courts should "balance the need for information against the injury that might result if in uncontrolled disclosure is compelled," in assessing whether good cause has been demonstrated.  *Id.* (internal quotations omitted).

Bankruptcy Rule 7026, by incorporating Rule 26, allows this Court to fashion a proper scope of discovery.  Further, Bankruptcy Rule 1001 directs bankruptcy courts to construe the bankruptcy rules in a manner so as "to secure the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001

Lisa has failed to demonstrate how Plaintiffs' 2006 tax returns are relevant to any of the remaining claims or defenses in this adversary proceeding, and she has not established a

compelling need for such information.  Accordingly, the Court will not require Plaintiffs to produce their 2006 federal and state income tax returns, without prejudice to Plaintiffs filing and serving a subsequent discovery motion that establishes a compelling need for them.

As for Carmella, her deposition will not be required at this juncture, as Lisa has failed to demonstrate how her deposition is reasonably calculated to lead to the discovery of admissible evidence relevant to the remaining issues in this adversary, and how her testimony would not be redundant to any testimony that could be obtained from Gianfranco.  *See* FED. R. CIV. P. 26(b)(1).  If, after deposing Paul and Gianfranco, Lisa can demonstrate a need for Carmella's examination within the scope of Rule 26, Lisa may seek same by motion filed with this Court. However, if Carmella is not deposed, she may not be called by Plaintiff to testify at trial; it would be unduly prejudicial to Lisa to allow Plaintiffs to shield Carmella from being deposed but then allow Plaintiffs to offer her testimony at trial.

## Conclusion

Based on the foregoing, it is hereby

**ORDERED**, that the Defendant's Motion for Summary Judgment is granted in part and denied in part, and that  Plaintiffs' Cross Motion for Summary Judgment is granted in part and denied in part; and it further

**ORDERED**, that this Court finds and concludes that there are no genuine issues of material fact as to Plaintiffs' § 523(a)(15) claims; Lisa has established that Gianfranco and Carmella lack standing to assert a claim under § 523(a)(15), and Paul has established that Lisa's liability to him under the Settlement Agreement constitutes  a nondischargeable obligation under § 523(a)(15); accordingly, the portion of Lisa's motion for summary judgment seeking dismissal of Gianfranco and Carmella's claim under § 523(a)(15) is granted, and that portion of Plaintiffs'

motion seeking summary judgment in favor of Paul on his a claim under § 523(a)(15) is granted; and it is further

**ORDERED**, that this Court finds and concludes that genuine issues of material fact exist as to the Plaintiffs' claims under § 727(a)(4)(A); accordingly, the portion of Lisa's motion for summary judgment on Plaintiffs' § 727(a)(4)(A) claim is denied; and it is further

**ORDERED**, that this Court finds and concludes that there are no genuine issues of material fact as to Plaintiffs' claims under § 105(a); accordingly, the portion of Lisa's motion for summary judgment seeking dismissal of Plaintiffs' claims under § 105(a) is granted; and it is further

**ORDERED**, that, in accordance with Rule 37(a) of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, Paul Martelloni and Gianfranco Martelloni are directed to appear for a deposition on a date, at a place, and at a time to be agreed by the parties; such deposition shall be conducted within **thirty (30) days** of entry of this Order; and it is further

**ORDERED**, that Lisa's request for production of Plaintiffs' 2006 federal and state income tax returns is denied without prejudice to filing and serving a subsequent discovery motion that establishes their relevance to the remaining claims or defenses in this action and a compelling need for them; Lisa's request to compel Carmella to appear for a deposition is denied without prejudice subject to the terms outlined above.

Dated: October 31, 2013
Central Islip, New York

_____
Alan S. Trust
United States Bankruptcy Judge